IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN F. KERRY, ET AL. | : | No.  15-5983 |

<u>MEMORANDUM</u>

Padova, J.                                                                                                          November 30, 2016

Plaintiff David Scott brought this action against Secretary of State John F. Kerry, the United States Department of State Bureau of Diplomatic Security, Global Anti-Terrorism Assistance Office ("GATA"), and Michael Castaneda, asserting claims arising out Plaintiff's employment as an instructor for a GATA training course titled "Preventing Terrorist Attacks on Bus and Rail Systems" ("PTABRS").  Castaneda has filed a Motion to Dismiss Counts II and III of the Amended Complaint, which allege claims against him pursuant to 42 U.S.C. § 1981 (Count II) and 42 U.S.C. § 1985(3) (Count III).   For the following reasons, we grant the Motion.

**I.     BACKGROUND**

The Amended Complaint alleges the following facts.  Plaintiff David Scott is an African American citizen and resident of Pennsylvania.  (Am. Compl. ¶ 4.)  He was a transit police officer for 31 years and retired as the Deputy Chief of Police for SEPTA, a job he had held for more than 18 years.  (<u>Id.</u> ¶ 5.)

GATA retained an outside contractor, DECO, Inc., to hire instructors for the PTABRS course.  (<u>Id.</u> ¶ 12.)  Instructors may not be given overseas assignments by DECO unless they are on a GATA-approved list of vetted instructors.  (<u>Id.</u> ¶ 13.)  DECO retained Plaintiff, who was its only African American PTABRS instructor, to teach that course in Indonesia, Brazil, and Panama in 2013.  (<u>Id.</u> ¶¶ 23, 25.)  When Plaintiff was teaching the PTABRS course in 2013,

Defendant Michael Castaneda was a Curriculum Project Manager for the State Department's ATA curriculum team. (Id. ¶¶ 26, 37.) Castaneda's responsibilities included revising and improving the curriculum for State Department anti-terrorism courses, including PTABRS, and observing how the instructors taught those classes. (Id. ¶ 27.)

While Plaintiff was teaching the PTABRS course in Brazil, a Caucasian male member of the State Department's Cyber Security team known as "Michael" made racially insensitive remarks to Plaintiff and threw food at Plaintiff. (Id. ¶ 42.) Plaintiff complained to Castaneda and others about Michael's behavior. (Id. ¶¶ 42-48.)

In 2014, Plaintiff learned that he had been removed from the list of GATA-approved and vetted instructors. (Id. ¶¶ 52-53.) The State Department never notified Plaintiff of his removal from the list of GATA-approved and vetted instructors or of the reason for his removal from that list. (Id. ¶¶ 63-64.) Plaintiff believes that Castaneda asked GATA officials to remove him from the list in retaliation for the informal complaint he made to Castaneda and others about the racially insensitive behavior of Cyber Security team member Michael, and that GATA officials granted that request. (Id. ¶¶ 65-66.) As a result of his removal from the list of GATA-approved and vetted instructors, Plaintiff has lost opportunities to act as an instructor for additional PTABRS courses and has lost other employment opportunities. (Id. ¶¶ 78-93.)

Counts II and III of the Amended Complaint assert claims only against Castaneda. Count II alleges that Castaneda interfered with Plaintiff's existing and prospective contractual relationship with DECO on the basis of Plaintiff's race in violation of 42 U.S.C. § 1981. Count III alleges that Castaneda conspired with unidentified officials of GATA to have Plaintiff removed from the list of GATA-approved and vetted PTABRS instructors in retaliation for

Plaintiff's complaints about Michael's racially insensitive remarks in violation of 42 U.S.C. § 1985(3).

Castaneda has moved to dismiss Counts II and III of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). He argues that this Court lacks subject matter jurisdiction over Plaintiff's claims against him because he is not and was not an employee of the federal government; that this Court lacks personal jurisdiction over him because he does not reside in this district and has never had any purposeful contact with this district; and that Counts II and III fail to state claims against him upon which relief can be granted. As we find that we lack personal jurisdiction over Castaneda, we do not reach his other arguments.[1]

---

[1] "When defendants challenge both personal jurisdiction and subject-matter jurisdiction, district courts customarily resolve the challenge to subject-matter jurisdiction before addressing personal jurisdiction." Stella Maris Ins. Co. v. Catholic Health E., Civ. A. No. 10-1946, 2010 WL 3522106, at *2 (E.D. Pa. Sept. 8, 2010) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999)). "'[T]here is no unyielding jurisdictional hierarchy,' however, and in appropriate circumstances a district court may properly address personal jurisdiction before subject-matter jurisdiction." Id. (alteration in original) (quoting Ruhrgas, 526 U.S. at 578; and citing In re Hechinger Inv. Co. of Delaware, 335 F.3d 243, 250–51 (3d Cir. 2003)). As the United States Court of Appeals for the Third Circuit has explained:
> although "in most instances subject-matter jurisdiction will involve no arduous inquiry" and therefore should be decided upon first, where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."

Wolstenholme v. Bartels, 511 F. App'x 215, 217 (3d Cir. 2013) (quoting Ruhrgas, 526 U.S. 587–88).

Both of the claims asserted against Castaneda in the Amended Complaint are claims for violation of federal law. The Amended Complaint alleges that we have subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1) and (a)(4) which provide that the district courts have original jurisdiction over all civil actions brought under federal law and over all civil actions for monetary damages brought pursuant to 42 U.S.C. § 1985. See 28 U.S.C. §§ 1331, 1332, 1343. We have "federal-question jurisdiction where a plaintiff 'makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute.'" TriState HVAC Equip., LLP v. Big Belly Solar,

## II.    LEGAL STANDARD

"'[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'"  Bootay v. KBR, Inc., 437 F. App'x 140, 143 (3d Cir. 2011) (alteration in original) (quoting Carteret Savs. Bank, FA v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)).  The plaintiff, however, "'bears the burden of proving that personal jurisdiction is proper.'"  Id. (quoting IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998); and citing Carteret Savs. Bank, 954 F.2d at 146).  Moreover, the plaintiff "may not rest solely on the pleadings to satisfy this burden."  Gutierrez v. N. Am. Cerruti Corp., Civ. A. No. 13-3012, 2014 WL 6969579, at *2 (E.D. Pa. Dec. 9, 2014) (citing Simeone ex re. Estate of Albert Francis Simeone, Jr. v. Bombardier–Rotax GmbH, 360 F. Supp. 2d 665, 669 (E.D. Pa. 2005); and Carteret Savs. Bank, 954 F.2d at 146).  "Once the defense has been raised, 'then the plaintiff must sustain [his] burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence' and may not 'rely on the bare pleadings alone.'"  Int'l Bhd. of Elec. Workers Local Union No. 126 Ret. Plan Tr. Fund v. Cablelinks, Inc., Civ. A. No. 15-1925, 2015 WL 8482831,

---

Inc., 752 F. Supp. 2d 517, 525 (E.D. Pa. 2010) (quoting Growth Horizons, Inc. v. Delaware Cty., 983 F.2d 1277, 1281 (3d Cir. 1993)).  "It is well settled that the 'legal insufficiency of a federal claim generally does not eliminate the subject matter jurisdiction of a federal court.'"  Id. (quoting Growth Horizons, Inc., 983 F.2d at 1280; and citing Bell v. Hood, 327 U.S. 678, 682 (1946)).  Consequently, "'dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  Id. (quoting Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987)).  We conclude that determining whether Counts II and III assert claims that are so "completely devoid of merit as not to involve a federal controversy" would be a considerably more complex inquiry that determining whether we have personal jurisdiction over Castaneda.  Consequently, we exercise our discretion to decide the personal jurisdiction issue first.  See Wolstenholme, 511 F. App'x at 217-18.

at *1 (E.D. Pa. Dec. 10, 2015) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

**III. DISCUSSION**

Castaneda argues that we should dismiss Counts II and III of the Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and dismiss him as a Defendant in this litigation because he is not a resident of this district and has had no purposeful contacts with this district. He maintains that he lives in League City, Galveston County, Texas. (Mot. ¶ 10.) Plaintiff, however, maintains that we have personal jurisdiction over Castaneda because 28 U.S.C. § 1391(e) provides for nationwide service of process for federal employees and Castaneda is alleged in the Amended Complaint to be a federal employee. In the alternative, Plaintiff contends that we have general personal jurisdiction over Castaneda pursuant to Pennsylvania law because Castaneda has had continuous and systematic contacts with Pennsylvania.

    A.    Nationwide Service of Process over Federal Employees

"Nationwide service of process, where authorized by statute, allows personal jurisdiction to [be] predicated upon the defendant's physical presence anywhere in the United States." Bailey-El v. Fed. Bureau of Prisons, Civ. A. No. 04-5780, 2006 WL 2792785, at *4 (D.N.J. Sept. 26, 2006) (citing Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290 (3d Cir. 1985); Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369 (3d Cir. 2002)), aff'd, 246 F. App'x 105 (3d Cir. 2007) see also Pinker, 292 F.3d at 369 (holding that "a federal court's personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process" (citations omitted)).

Section 1391(e) provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). However, this statute only applies to suits brought against federal employees who are sued in their official capacities for injunctive relief. See Stafford v. Briggs, 444 U.S. 527, 544-45 (1980). In Stafford, the Supreme Court explained that in passing § 1391(e):

> Congress intended nothing more than to provide nationwide venue for the convenience of individual plaintiffs in actions which are nominally against an individual officer but are in reality against the Government. A suit for money damages which must be paid out of the pocket of the private individual who happens to be -- or formerly was -- employed by the Federal Government plainly is not one 'essentially against the United States,' and thus is not encompassed by the venue provisions of § 1391(e).

Id. at 542. See also Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980) ("In Stafford v. Briggs, 444 U.S. 527 (1980), the Supreme Court held that the venue provisions of 28 U.S.C. § 1391(e) do not apply to actions for money damages brought against federal officials in their individual capacities."). Counts II and III assert claims against Castaneda in his individual capacity and seek monetary damages from Castaneda personally. We conclude, accordingly, that the venue provisions of § 1391(e) do not apply to establish personal jurisdiction over Castaneda in this district.

  B. State Law Service of Process

"In the absence of a federal statute authorizing nationwide service of process, federal courts are referred to the statutes or rules of the states in which they sit." Max Daetwyler Corp., 762 F.2d at 295. "Under Federal Rule of Civil Procedure 4(k), a District Court typically

6

exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)); see also Fed. R. Civ. P. 4(k)(1) ("Serving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . .").[2] "Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants 'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with this Commonwealth allowed under the Constitution.'" Ackourey v. Sonellas Custom Tailors, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" O'Connor, 496 F.3d at 316–17 (alterations in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. Id. (citing Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984)). "General jurisdiction exists when the plaintiff's claim arises out of the defendant's 'continuous and systematic' contacts with the forum state. General jurisdiction exists even if the cause of action is unrelated to the defendant's activities in the forum state." Rocke v. Pebble Beach Co., 541 F. App'x 208, 211 (3d Cir. 2013) "Specific jurisdiction exists when the plaintiff's claim

---

[2] Federal Rule of Civil Procedure 4, subsections (e) and (k), direct that we look to state law to determine whether we have personal jurisdiction over a defendant in cases brought pursuant to both our federal question and diversity jurisdictions. See Max Daetwyler Corp, 762 F.2d at 295 (federal question jurisdiction); Rocke v. Pebble Beach Co., 541 F. App'x 208, 210 (3d Cir. 2013) (diversity jurisdiction).

7

arises out of the defendant's activities within the forum such that the defendant could reasonably anticipate being haled into the state's courts." Id. (citing Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co., 75 F.3d 147 (3d Cir. 1995).

Plaintiff argues that we have general personal jurisdiction over Castaneda because Castaneda has had continuous and systematic contacts with Pennsylvania. Plaintiff bases his argument on emails that Castaneda sent to Plaintiff at Plaintiff's residence in Pennsylvania. (Scott Certification ¶¶ 1-2, 5-7.) "'[C]ommunications sent by a defendant into the forum either by mail or telephone [can] count toward the minimum contacts required to establish personal jurisdiction.'" Bradley v. Powell, Civ. A. No. 15-4025, 2015 WL 5544507, at *4 (E.D. Pa. Sept. 18, 2015) (second alteration in original) (quoting Leone v. Cataldo, 574 F. Supp. 2d 471, 479 (E.D. Pa. 2008)). Plaintiff relies on three emails that Castaneda sent prior to the commencement of the Brazil PTABRS Course. Castaneda sent the first email to at least four individuals, including Plaintiff, on August 29, 2013, introducing himself as the Curriculum Program Manager for the PTABRS Course. (Scott Certification Ex. A.) Plaintiff was one of nine recipients of the second email, which Castaneda sent on August 29, 2013, in response to a question raised by another recipient of the email. (Id. Ex. D.) Plaintiff was one of three individuals copied on the third email, which Castaneda sent to the lead instructor for the PTABRS course on September 4, 2013, to arrange transportation for the PTABRS instructors when they arrived at the airport in Brazil. (Id. Ex. F.)

We conclude that the three emails sent by Castaneda to Plaintiff within the course of one week, do not constitute "the continuous and systematic presence needed to establish general jurisdiction." Rocke, 541 F. App'x at 210 (concluding that an out-of-state resort's sending advertisements soliciting business in the form of mailings and emails to Pennsylvania residents

8

was insufficient to establish general jurisdiction in Pennsylvania where the resort was not incorporated in Pennsylvania, did not maintain an office or agent in Pennsylvania, and there was no record evidence of ongoing contractual relationships between the resort and residents of Pennsylvania). The act of sending e-mails into Pennsylvania, without more, is simply insufficient to establish general jurisdiction in this Commonwealth. See Rudolph v. Safari Club Int'l, Civ. A. No. 12-1710, 2013 WL 3168588, *2, 4 (W.D. Pa. 2013) (concluding that district court did not have general personal jurisdiction over plaintiff's Georgia-based financial advisor who never visited Pennsylvania and communicated with his twelve Pennsylvania clients solely through telephone calls and emails, because those communications did not "rise to the necessary level of extensive and pervasive contact required to support a finding of general jurisdiction" (citing Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 32 (3d Cir. 1993)); see also N.A. Water Sys., LLC ex rel. Veolia Water Sols. & Techs. N. Am. Inc. v. Allstates Worldcargo, Inc., Civ. A. No. 2:13-1507, 2014 WL 5022536, at *3 (W.D. Pa. Aug. 12, 2014) ("Simply sending e-mails into the forum is insufficient to establish general jurisdiction." (citing Rudolph, 2013 WL 3168588, at *2, 4)). We further conclude, accordingly, that Plaintiff has not satisfied his burden of establishing that we have personal jurisdiction over Castaneda in this case. See Bootay, 437 F. App'x at 143 (quotation and citation omitted). Since we lack personal jurisdiction over Castaneda, we grant the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

## IV. CONCLUSION

For the reasons stated above, we grant Castaneda's Motion to Dismiss insofar as it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2). We thus dismiss Counts II and III of the Amended Complaint and dismiss Michael Castaneda as a Defendant in this action.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.